UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN SHIELDS,<br><br>                Plaintiff,<br>    v.<br><br>NEAH BAY TRIBAL POLICE et al.,<br><br>                Defendants. | CASE NO. 3:25-cv-05123-TL-SKV<br><br>ORDER ON REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge S. Kate Vaughan (Dkt. No. 14) ("R&R") and Plaintiff's objections to the Report and Recommendation (Dkt. No. 16). Having reviewed the Report and Recommendation, Plaintiff's objections, and the remaining record, the Court ADOPTS the Report and Recommendation and OVERRULES the objections.

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or

ORDER ON REPORT AND RECOMMENDATION - 1

recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2). Plaintiff filed timely objections to the Report and Recommendation. Dkt. No. 16.

Plaintiff's case suffers from a threshold issue, as pointed out in the R&R: his claims are barred by the applicable statute of limitations. Dkt. No. 14 at 6. As 42 U.S.C. § 1983 does not contain its own statute of limitations, courts apply the statute of limitations for an analogous cause of action under Washington state law. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). The Supreme Court has determined that a state's personal injury statute is the best alternative for determining the statute of limitations for § 1983 claims. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985) *see also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions"). Washington's statute of limitations for personal injury suits is three years. Wash. Rev. Code § 4.16.080(2). Therefore, in Washington, the Ninth Circuit has held that "the appropriate statute of limitations in a § 1983 action is the three-year limitation of Wash. Rev. Code § 4.16.080(2)." *Bagley*, 923 F.2d at 760. *See also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002). However, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato,* 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). "Under federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v.*

*Noelle*, 567 F.3d 1103, 2009 WL 1564235, at *6 (9th Cir. June 5, 2009) (*citing Johnson v. California,* 207 F.3d 650, 653 (9th Cir.2000)).

Here, Plaintiff filed his first proposed complaint over four years after the incidents at issue occurred. Plaintiff brought suit against officers from the Neah Bay Police, a detective from the Clallam County Sheriff's Department, a Neah Bay Tribal Court clerk, and a Neah Bay prosecutor. Dkt. No. 12 at 3–4. The allegations stem from actions taken (or not taken) between mid and late January 2021.[1] *Id.* at 4–6. However, Plaintiff waited until February 12, 2025, to file his lawsuit alleging civil rights violations pursuant to 42 U.S.C. § 1983.[2] Dkt. No. 1; *see also* Dkt. No. 1-2. As Plaintiff clearly knew about the alleged violations in 2021 when they occurred, his complaint is untimely and barred by the statute of limitations.

Plaintiff asserts in his objections that he should be entitled to equitable tolling. Dkt. No. 16 at 3. The Ninth Circuit has held that a forum state's law regarding equitable tolling applies to § 1983 claims. *Jones*, 393 F.3d at 927. Under Washington case law, "[e]quitable tolling is a legal doctrine that allows a claim to proceed when justice requires it, even though it would normally be barred by a statute of limitations." *Trotzer v. Vig,* 149 Wn. App. 594, 607 n.9, 203 P.3d 1056 (2009) (*citing Millay v. Cam,* 135 Wn.2d 193, 205, 955 P.2d 791 (1998)). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Millay*, 135 Wn.2d at 206. Washington courts "permit equitable tolling only sparingly." *Trotzer*, 149 Wn. App. at 606–07 (citations omitted).

---

[1] Plaintiff includes allegations regarding actions taken by Rachel Greene-Venske, his former fiancée, between January and June of 2021. Dkt. No. 12 at 9. However, Plaintiff clarifies in his objection that "Ms. Greene-Venske is only mentioned as a particip[a]nt[,] not a defendant." Dkt. No. 16 at 1.

[2] Plaintiff filed an amended complaint on April 30, 2025. Dkt. No. 12. The amended complaint is the operative complaint in this case. *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (same).

ORDER ON REPORT AND RECOMMENDATION - 3

The only reason Plaintiff gives for equitable tolling relates to his inability to find a lawyer to take his case. Dkt. No. 16 at 3. First, "[g]enerally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Second, none of the predicates for equitable tolling are present here. Plaintiff clearly knew about the alleged violations in 2021 when they occurred and could have filed his complaint in a timely manner pro se (without a lawyer) as he ultimately did (albeit in an untimely manner). Therefore, Plaintiff is not entitled to equitable tolling of the statute of limitations.

As Plaintiff's case is barred by the applicable statute of limitations, the Court need not reach the remaining issues raised in the R&R or Plaintiff's objections.

Accordingly, it is hereby ORDERED:

(1)   The Court ADOPTS the Report and Recommendation;

(2)   Plaintiff's objections are OVERRULED; and

(3)   The Clerk is DIRECTED to send copies of this Order to the parties and to Judge Vaughan.

Dated this 15th day of July, 2025.

Tana Lin
United States District Judge